**John K. HART et al., Appellants,**

**v.**

**COUNTY SCHOOL BOARD OF ARLINGTON COUNTY, VIRGINIA, and Robert L. Chisolm, Division Superintendent of Schools for the County of Arlington, Appellees.**

**No. 71-1791.**

United States Court of Appeals, Fourth Circuit.

Argued April 13, 1972.

Decided May 1, 1972.

Lawrence J. Latto, Washington, D. C. (S. W. Tucker, Henry L. Marsh, III, and Hill, Tucker & Marsh, Richmond, Va.,

---

Robert M. Alexander, Arlington, Va., Allison W. Brown, Jr., Washington, D. C., Jack Greenberg, James M. Nabrit, III, and Norman Chachkin, New York City, on brief), for appellants.

James H. Simmonds, Arlington, Va. (Gregory U. Evans, Arlington, Va., and R. D. McIlwaine, III, Richmond, Va., on brief), for appellees.

William H. Allen, John B. Jones, Jr., and Covington & Burling, Washington, D. C., on brief, for amicus curiae, Arlington Council on Human Relations, Arlington Education Assn., Arlington Health and Welfare Council, Arlington View Civic Assn., League of Women Voters of Arlington, Nauck Civic Assn., Northern Va. Center for Social Development (four parishes: Our Lady of Lourdes, Our Lady Queen of Peace, St. Ann's, and St. Charles) Northern Va. Chapter of the American Civil Liberties Union of Va., Positive Action Committee for Education, Rock Spring Congregational Church Bd. of Social Action, "Support Christian Action" House of the Little Falls Presbyterian Church.

Before HAYNSWORTH, Chief Judge, and BRYAN, WINTER, CRAVEN, RUSSELL and FIELD, Circuit Judges, in banc.

PER CURIAM:

In this appeal, a plan, approved by the district court, to achieve a unitary school system in Arlington County is attacked because two formerly all-black elementary schools have been converted into special purpose schools, and the black pupils who formerly attended them have been assigned and are being transported to other formerly all-white schools. It is argued that, factually, the plan is discriminatory because the burden of transfer and transportation falls more heavily on the black students than on the white students, thus perpetuating the stigma of inferiority which a plan for a unitary system should be designed to obviate. We disagree.

■ In providing for the transition from a dual system of schools to a unitary system, school officials and the district court possess a measure of discretion how the system to be dismantled is to be rearranged, including what schools are to be continued to be used, so long as the end product is a unitary system. Brown v. Board of Education, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083 (1955); Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed. 554 (1971); Adams v. School District No. 5, 444 F.2d 99 (4 Cir. 1971), cert. denied, Winston-Salem Forsyth County Board of Education v. Scott, 404 U.S. 912, 92 S.Ct. 230, 30 L.Ed.2d 186 (1971). Of course, when the discretion is exercised in such a manner as to create another form of invidious discrimination, judicial intervention to redress that wrong will surely follow. Green v. School Board of City of Roanoke, 316 F.Supp. 6 (W.D.Va.1970), reversed on other grounds, 428 F.2d 811 (4 Cir. 1970). See also, Allen v. Asheville City Board of Education, 434 F.2d 902 (4 Cir. 1970).

■ In the instant case, however, we do not perceive any invidious discrimination. In the entire system, which is small geographically, fewer black students will be transported than white students, although the average time of travel for black students may be somewhat greater than the average time of travel for white students. The formerly all-black elementary schools will not be closed; they will be continued as special purpose schools. They will have a predominantly white student population which will be transported to them. In addition, other white students are transported to regular schools in other parts of the system. It cannot, therefore, be said that white students will attend "neighborhood" schools to any greater extent than black students.

Affirmed.